UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUYETLE PEARSON,<br><br>                         Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE, N.A., SELECT PORTFOLIO SERVICING, INC., BANK OF AMERICA, N.A., US BANK, N.A., et al.<br><br>                        Defendant. | Case No.: 18cv411-CAB-BGS<br><br>**ORDER REGARDING MOTION TO DISMISS FIRST AMENDED COMPLAINT [Doc. No. 45], MOTION TO STRIKE [Doc. No. 46]; MOTION FOR DEFAULT JUDGMENT [Doc. No. 60]; MOTION FOR RELIEF FROM DEFAULT [Doc. No. 62]** |

**MOTION TO SET ASIDE DEFAULT; MOTION FOR DEFAULT JUDGMENT**

On October 4, 2018, the Clerk of the Court entered default against Defendant Bank of America, National Association ("BANA"). [Doc. No. 58.] On November 2, 2018, Plaintiff filed a motion for default judgment as to Defendant BANA. [Doc. No. 60.] On November 8, 2018, Defendant BANA filed a motion for relief from default. [Doc. No. 62.] On November 20, 2018, Defendant BANA filed an opposition to the motion for default judgment. [Doc. No. 65.] On November 28, 2018, Plaintiff filed an opposition to the motion for relief from default. [Doc. No. 66.] On December 6, 2018, Defendant BANA filed a reply to Plaintiff's opposition to the motion for relief from default. [Doc. No. 67.]

1

Pursuant to Federal Rules of Civil Procedure 55 and 60, and **FOR GOOD CAUSE SHOWN**, the Court **HEREBY GRANTS** the motion for relief from default [Doc. No. 62], **VACATES** the entry of default [Doc. No. 58], and **DENIES AS MOOT** the motion for default judgment [Doc. No. 60].

The Court **FURTHER ORDERS** that Defendant BANA's proposed motion to dismiss [Doc. No. 62-4] is **HEREBY DEEMED FILED** and, for the reasons set forth below, **DENIED AS MOOT**.

## MOTION TO DISMISS FAC

On August 16, 2018, Defendants SELECT PORTFOLIO SERVICING, INC. ("SPS") and U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY2 ("US BANK") (collectively "Defendants") filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"), as well as a request for judicial notice. [Doc. Nos. 45, 47.][1] On September 6, 2018, Plaintiff filed an opposition. [Doc. No. 52.] On September 12, 2018, Defendants filed a reply. [Doc. No. 56.] On November 7, 2018, this Court issued a minute order requesting further briefing on the issue of standing. [Doc. No. 61.] On December 17, 2018, Plaintiff and Defendants filed the supplemental briefing, and Plaintiff also filed a sur-reply. [Doc. Nos. 68, 69 and 70.] For the reasons set forth below, the motion to dismiss the FAC is **GRANTED** with prejudice.

## BACKGROUND

Plaintiff alleges she is the owner of the real property located at 1556 West Via Rancho Parkway, Escondido, CA 92028 ["Property"]. [FAC ¶1.] On May 3, 2006, a Deed of Trust was recorded reflecting Plaintiff obtained a $640,000.00 loan from Washington Mutual Bank, FA that was secured by the Property ["Deed of

---

[1] Defendants also filed a motion to strike portions of the FAC. [Doc. No. 46.] Given that the motion to dismiss is granted as set forth below, the motion to strike [Doc. No. 46] is **DENIED AS MOOT**.

Trust"]. [FAC ¶¶1-2 and Ex. "2"; Request for Judicial Notice ("RJN"), Ex. "A".] Washington Mutual was the original Beneficiary, and the trustee was California Reconveyance Company. [FAC, Ex. "2"; RJN, Ex. "A".] The original lender, Washington Mutual failed, and has been in receivership with the FDIC since September 25, 2008. [FAC ¶3; *See Resolution Trust Corp. v. Love,* 36 F.3d 972, 975-76 (10th Cir. 1994).] JPMorgan Chase Bank, N.A. ("Chase"), was appointed to act as attorney-in-fact of the FDIC as Receiver of Washington Mutual. [*Id*.]

An Assignment of Deed of Trust was recorded on January 26, 2011 (the "2011 Assignment") reflecting assignment of the Deed of Trust to Bank of America, National Association successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY2. [FAC ¶7 and Ex. "6"; RJN, Ex. "B".] Plaintiff claims the 2011 Assignment "is invalid, fraudulent and therefore, void." [FAC ¶77.] She contends the 2011 Assignment was improperly recorded after the cut-off date permitted by the securitized trust. [FAC, ¶11; *see also* ¶¶89, 100.]

Plaintiff filed a Chapter 13 bankruptcy Petition, with Schedules and an Initial Chapter 13 Plan, on December 16, 2010. [FAC ¶6; Docket, RJN, Ex. "C"; Petition, RJN, Ex. "D".] In her Schedules, Plaintiff identified the Property and the secured loan, and she did not indicate it was disputed. [*See* Schedule D, RJN, Ex. "C".]

On May 2, 2013, US BANK filed a Motion for Relief from the Stay as to the Property. [FAC ¶24; RJN, Ex. "E".] In support of its Motion for Relief from the Stay, US BANK submitted the Note, Deed of Trust, Assignment, and a Supplemental Declaration in Support. [FAC ¶24; RJN, Ex. "E".] The Declaration in Support was made by Jamie DeVoss, a Vice President of JPMorgan Chase Bank, NA who was "authorized to sign…on behalf of Chase as servicing agent for [US BANK]." [FAC ¶24; RJN, Ex. "E".] The Declaration in Support attested that US BANK's agent had possession of the original note, and was seeking relief due to Plaintiff's default under the secured loan. [RJN, Ex. "E".] Plaintiff alleges Chase transferred servicing to SPS on August 1, 2013. [FAC ¶31.]

US BANK filed another Motion for Relief from the Automatic Stay on September 15, 2014. [FAC ¶106; RJN, Ex. "F".] This Motion for Relief included a Declaration in Support from Thomas Walterman, a Document Control Officer for SPS, who became servicing agent for US BANK. [RJN, Ex. "F".] As with the previous servicer, SPS stated US BANK held possession of the original Note and sought to enforce its rights and remedies under the defaulting secured loan. [RJN, Ex. "F".]

On November 7, 2014, Plaintiff filed a Motion to Determine Final Cure and Mortgage Payment. [RJN, Ex. "G".] Plaintiff received a Chapter 13 discharge on May 28, 2015. [RJN, Ex. "C".] Both the Motion for Relief from the Automatic Stay and the Motion to Determine Final Cure and Mortgage Payment were resolved through settlement, as evidenced by the tentative rulings of October 9, 2015, made order of the Court by docket entry on October 14, 2015. [RJN, Ex. "C"; Doc. No. 139, RJN, Ex. "H"; Doc. No. 140, RJN, Ex. "I".]

On October 8, 2015, Plaintiff and SPS, servicing for US BANK, entered into a settlement agreement to resolve the Motion for Relief from the Automatic Stay and the Motion to Determine Final Cure and Mortgage Payment. [FAC ¶¶21, 63 and Ex. "9".] Through the Settlement Agreement, Plaintiff agreed she obtained the loan, executed the Note and Deed of Trust, and the loan was modified on June 1, 2010. [FAC, Ex. "9".] Plaintiff agreed on "August 1, 2013, Chase transferred the servicing of the LOAN to SPS" and "the loan number changed from #3061034785 to #0015418999." [FAC, Ex. "9"; *see also* ¶31.] Through the Settlement Agreement, the parties agreed the loan was considered contractually current as of September 1, 2015. [FAC ¶¶21, 64, and Ex. "9".]

Plaintiff alleges she is current on her mortgage payments. [FAC ¶65.] There is no allegation, however, that Plaintiff has paid off her mortgage.

## LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Generally, leave to amend a pleading "shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a)(2). *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") Dismissal without leave to amend is only appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).

## JUDICIAL NOTICE

At the motion to dismiss stage a court may consider materials incorporated into the complaint or matters of public record, without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*. 593 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted); *United States v. Ritchie,* 432 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). The Ninth Circuit has extended the "incorporation by reference" doctrine to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which

are not physically attached to the [plaintiff's] pleading." *Id.; See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Van Buskirk v. CNN,* 284 F.3d 977, 980 (9th Cir. 2002); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). *See also* Federal Rules of Evidence 201(b): "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Here, Defendants request judicial notice of the Deed of Trust and the 2011 Assignment, as well as the docket and various pleadings from the Bankruptcy Proceeding. [Doc. No. 47.] Because the subject documents are public records "whose accuracy cannot reasonably be questioned," FRE 201(b)(2), the Request for Judicial Notice [Doc. No. 47] is **GRANTED**.

## DISCUSSION

Defendants argue the FAC should be dismissed for numerous reasons including collateral estoppel, res judicata and statute of limitations. The Court does not reach those issues, however, because the primary problem with the FAC is that Plaintiff has no standing to bring any of the claims.

While the FAC contains numerous references to statutes and allegedly unlawful acts, Plaintiff essentially asserts three causes of action: fraud[2], quiet title, and unfair business practices under California Business and Professions Code section 17200. All of the causes of action stem from Plaintiff's belief, derived from facts allegedly discovered in June of 2018, that the assignments of the Note and Deed of Trust are void because the

---

[2] The first cause of action for fraud is identical to the second cause of action for fraud, except that the first cause of action is missing the last three allegations of the second cause of action (¶¶ 108, 150, 151). Therefore, the first and second causes of action will be treated as one cause of action.

initial assignment from Chase to BofA, as successor to the WAMU Pass-Through Certificate Series 2007-HY2 Trust (the "Trust"), was void because the assignment was improperly recorded after the cut-off date permitted by the securitized trust. [Doc. No. 42 at ¶11.]

First, the FAC, while posed as one for fraud, quiet title and unfair business practices, is an impermissible pre-foreclosure challenge to Defendants' rights to foreclose under the deed of trust. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App. 4th 808, 814(2016). *Saterbak* explained that plaintiffs who bring pre-foreclosure lawsuits challenging defendants' authority to foreclose lack standing to bring such preemptive suits. *Id.* at 814. Likewise here, to the extent Plaintiff challenges Defendants' authority to foreclose (because the 2011 assignment was allegedly void), such claims fail because Plaintiff lacks standing. *See Tjaden v. HSBC Bank USA*, ⸺ Fed.Appx. ⸺, 2017 WL 943943, at *1 (9th Cir. Mar. 10, 2017) (holding that plaintiffs' pre-foreclosure action to challenge the foreclosing entity's right to initiate a nonjudicial foreclosure fails under *Saterbak*).

Moreover, even if the FAC is not considered a pre-foreclosure challenge, Plaintiff has no standing to challenge the 2011 assignment. The California Supreme Court has held that, *post*-foreclosure, a borrower has standing to challenge an assignment of deed of trust but only when the defects render the assignment void rather than voidable. *Yvanova v. New Century Mortgage Corp.*, 62 Ca. 4th 919, 939 (2016).[3] "By contrast, a voidable contract or assignment is one that the parties to it may ratify and thereby give it legal force and effect or extinguish at their election." *Id*. "*Yvanova* did not consider ... whether either the assignment of plaintiff's deed of trust to the investment trust after the trust's closing date or the alleged robo-signing of the documents rendered the assignment void, and not merely voidable. That is a legal question, which has been addressed by a number

---

[3] Here, Plaintiff alleges she is current on her mortgage and there has been no foreclosure. As a result, this is not a post-foreclosure case, and the limited holding of *Yvanova* is not directly applicable.

of New York, California, and federal courts." *Id*. As the California Court of Appeal explained in *Mendoza*, 6 Cal. App. 5th 802, "New York law, as interpreted by an overwhelming majority of New York, California, and federal courts ... provides that defects in the securitization of loans can be ratified by the beneficiaries of the trusts established to hold the mortgage-backed securities and, as a result, the assignments are voidable." *Id*. at 805; *see also Liao v. New Penn Fin., LLC*, 2018 WL 1061718, at *6 (Cal. Ct. App. Feb. 27, 2018) (stating that theory that assignment was void because loan was not transferred into trust before trust's closing date has "been repeatedly rejected because the defect would not render the assignment to the trust void, but only voidable"); *In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017) (holding that untimely assignment of deed of trust to investment trust is voidable, not void). Thus, because the beneficiaries of the Trust could ratify the alleged defect in the assignment of Plaintiff's deed of trust, the assignment was not void. *See Mendoza*, 6 Cal. App. 5th at 805; *In re Turner,* 859 F.3d at 1149.

Other cases decided since *Yvanova* have also held that "any alleged irregularities in the securitization process are merely voidable at the securitized trust beneficiary's behest." *Kalnoki v. First Am. Tr. Servicing Sols., LLC*, 8 Cal. App. 5th 23, 43 (2017); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 815 (2016). Thus, when borrowers "are not the beneficiaries of the [ . . . ] securitized trust, they lack standing to challenge" any "assignment [of the deed of trust] on such grounds." *In re Turner*, 859 F.3d at 1149; *Saterbak*, 245 Cal.App. 4th at 815.

In her supplemental briefing, Plaintiff argues that she also alleges the January 2011 assignment from Chase to BofA was void because, as of December 2010, BofA was no longer the Trustee and, therefore, could not have been assigned the loan. [Doc. No. 69 at 5, FAC ¶75.] However, as an unrelated third party to such an assignment, Plaintiff simply lacks standing to contest it. *Mendoza*, 6 Cal.App.5th at 811; *See also Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 514-15 (2013)("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the

8

beneficial interest under the promissory note, [the borrower] lacks standing to enforce any agreements . . . relating to such transactions.", disapproved of on other grounds and in a post-foreclosure case by *Yvanova*, 62 Cal.4th at 932-33).

Here, the allegedly void 2011 Assignment underpins each of Plaintiff's other allegations of fraudulent assignments or substitutions of trustee; Plaintiff alleges those actions were fraudulent because they concealed defects in the chain of assignments that stemmed back to the allegedly void 2011 Assignment. See, e.g., FAC ¶¶ 10, 11, 74-79, 87-95, 98-106, 155-159, 164-168. Accordingly, Plaintiff's fraud, quiet title[4], and unfair practices claims fail because the allegation underpinning them—that an untimely or unauthorized transfer of Plaintiff's note and deed of trust into the Trust rendered the transfer void and deprived subsequent actors of the legal authority to assign their interests in the note or deed of trust—is incorrect as a matter of law. *See Mendoza*, 6 Cal. App. 5th at 805; *In re Turner*, 859 F.3d at 1149.

## CONCLUSION

For the reasons set forth above, the motion to dismiss the FAC [Doc. No. 45] is **GRANTED** with prejudice.

In addition, because Plaintiff has no standing to pursue any of her claims against any of the Defendants, the FAC will be dismissed as to all defendants, including

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

---

[4] In addition, Plaintiff has no standing to bring an action for quiet title, because she has not paid off her debt. *See Fenton v. Wells Fargo Home Mortg.,* Case No. 17-cv-0113 DMS (WVG), 2017 WL 1346672, at *4 (S.D. Cal. Apr. 12, 2017) ("[A] borrower may not assert quiet title against a mortgagee without first paying the outstanding debt on the property" (internal quotations marks and citations omitted)).

Defendant BANA.

The Clerk of the Court shall **ENTER JUDGMENT FOR ALL DEFENDANTS** and **CLOSE** the case.

**IT IS SO ORDERED.**

Dated: January 4, 2019

Hon. Cathy Ann Bencivengo
United States District Judge